UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT SPRANKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00201-WTL-MJD |
| | ) | |
| WEXFORD HEALTH SOURCES Primary Health | ) | |
| Care Provider, | ) | |
| MARIE GRIGGS Dr., Lead Psychologist, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting *In Forma Pauperis* Status,
Dismissing Complaint,
and Allowing Plaintiff Opportunity to Show Cause**

**I. *In Forma Pauperis***

Plaintiff Robert Sprankle's motion for leave to proceed without prepaying fees, Dkt. No.

3, is **granted**. The Court finds that he does not have the assets or means to pay even an initial

partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be

prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an

initial partial filing fee, 28 U.S.C. § 1915(b)(4), Mr. Sprankle is granted a waiver of payment of

the initial partial filing fee. He is still obligated, however, to pay the full three-hundred and fifty

dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2).

*See id*. § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket

fees; a litigant remains liable for them, and for other costs, although poverty may make collection

impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Plaintiff's Claims

Plaintiff Robert Sprankle is an Indiana inmate incarcerated in the Wabash Valley Correctional Facility (WVCF) in Carlisle, Indiana. He filed this 42 U.S.C. § 1983 action on April 24, 2018, concerning an incident occurring at the WVCF on November 29, 2017.

A.      Screening Standard

Because Mr. Sprankle is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B.     Claims for Relief

Mr. Sprankle contends that on November 29, 2017, he was on a recreation yard at the WVCF when another prisoner approached him. The other prisoner called Mr. Sprankle by the wrong name and after a moment announced his intent to kill Mr. Sprankle. He grabbed Mr. Sprankle by the throat and choked him. Mr. Sprankle defended himself and broke free, but the other prisoner repeated the attack twice more, resulting in serious injuries to Mr. Sprankle's throat.

The complaint names as defendants Wexford Health Sources, the contract medical services provider for the Indiana Department of Corrections, and Dr. Marie Griggs, a psychologist at WVCF. Mr. Sprankle contends that they were aware the other prisoner was seriously mentally ill and violent. He contends these two defendants were deliberately indifferent to his safety when they allowed the other prisoner to participate in recreation with other non-violent prisoners.

C.     Analysis

The Eighth Amendment imposes a duty upon the state to protect prisoners from each other. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation omitted); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). That duty, however, "does not lead to absolute liability." *Duane v. Lane*, 959 F.2d 673, 676 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). *Id.* Rather, because the Eighth Amendment speaks only to "punishment," prison officials who fail to prevent an injury inflicted by fellow inmates are liable "only where those officials possess the requisite mental state." *Id*. The requisite mental state for liability is intent, or at the very least, deliberate indifference. *Id*. That is, the prison officials must want harm to come to the prisoner, or must possess total unconcern for the prisoner's welfare in the face of serious risks. *Id*. The prisoner must allege "recklessness" which, for Eighth Amendment purposes, involves an "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to

prevent the harm can be inferred from the defendant's failure to prevent it." *Id.* (citing *Duckworth v. Franzen*, 780 F.3d 645, 653 (7th Cir. 1985). A prisoner who establishes negligence but fails to show either "actual knowledge of the danger, or danger objectively so great that actual knowledge of the danger can be inferred, cannot prevail." *Id.*

To state a failure-to-protect claim, Mr. Sprankle must allege facts suggesting that he faced a substantial risk of serious harm, and that defendants knew of and disregarded that risk. *Farmer*, 511 U.S. at 834, 837; *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). However, a generalized risk of violence is not enough, for prisons are inherently dangerous places. *Brown*, 398 F.3d at 909; *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Mr. Sprankle, to state a claim, must have alleged a tangible and credible threat to his safety or well-being. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure). Such a threat must reflect that he is subject to a substantial risk of future harm. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001); *Henderson v. Sheahan*, 196 F.3d 839, 846–847 (7th Cir. 1999). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. "[T]he conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Baze v. Rees*, 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion) (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34–35 (1993)).

Knowing that a prisoner is mentally ill – not an uncommon situation in a prison – and knowing that the prisoner is also violent – also not an uncommon factor in a prison – does not, without more, create a situation that is "almost certain to materialize" into an attack on another prisoner and result in civil rights liability to all who could have been responsible for treating the

offending prisoner. If it did, almost every prison fight or altercation would give rise to an endless stream of liability to medical providers employed at the prison, creating an infinite universe of liability. This is not the law.

In sum, there is no allegation that Dr. Griggs knew of a specific and credible threat. There is no allegation or inference that Dr. Griggs knew of impending actual harm and failed to prevent it. The complaint fails to state a claim against Dr. Griggs upon which relief can be granted.

There are no viable claims made in the complaint against Wexford. Mr. Sprankle has not alleged a policy, practice, or custom type against Wexford. The Seventh Circuit has held that "a private corporation is not vicariously liable under section 1983 for its employees' deprivations of others' civil rights." *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Shields v. Illinois Department of Corrections*, 746 F.3d 782, 796 (7th Cir. 2014).

To conclude, the injuries suffered by Mr. Sprankle at the hands of the mentally ill prisoner are simply too remote from Dr. Griggs's alleged conduct to give rise to civil rights liability. Dr. Griggs's alleged knowledge that the other prisoner was mentally ill and violent does not also mean that she was aware of a credible, specific, and real imminent danger to Mr. Sprankle. Furthermore, there are no policy, practice, or custom allegations made against Wexford. For these reasons, the complaint fails to state a claim upon which relief can be granted and is **dismissed**. 28 U.S.C. § 1915A.

### III. Opportunity to Show Cause

The Court has screened the complaint and found no viable claim that may be pursued under 42 U.S.C. § 1983 against Dr. Griggs or Wexford Health Sources. The complaint has been dismissed. Mr. Sprankle shall have through **June 1, 2018**, in which to file an amended complaint containing viable constitutional claims or to otherwise show cause why this action should not be

dismissed and final judgment entered. If an amended complaint is filed, it will be subject to screening pursuant to 28 U.S.C. § 1915A.

## IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Mr. Sprankle shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 4/30/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Sprankle
896008
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only